FILED
U.S. District Court
District of Kansas

MAY 21 2021

Clerk, U.S. District Court
By_____cm_____Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA**

Plaintiff,

v.

Case No. 20-cr-10079-EFM

**FREDERICK L. MARTIN**

Defendant.

**PLEA AGREEMENT PURSUANT TO FEDERAL RULE
OF CRIMINAL PROCEDURE 11(c)(1)(C)**

The United States of America, by and through Assistant United States Attorney Jason W. Hart, and the defendant, Frederick L. Martin, personally and with his counsel, David J. Freund, hereby enter into the following plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count 1 of the Indictment charging a violation of 18 U.S.C. § 2251(a), that is, Production of Child Pornography. By entering into this plea agreement, the defendant admits to knowingly committing the offense, and to being guilty of the offense. The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Indictment to which he has agreed to plead guilty is not more than fifty (50) nor less than twenty-five (25) years of imprisonment,[1] a fine of not more than $250,000, a term of supervised release of up to life and not less than five (5) years, a $100.00 mandatory special assessment, an additional assessment of not more than $50,000.00 pursuant to

---

[1] The defendant acknowledges and agrees that his prior convictions for Rape of a Child (multiple counts) and Possession of Child Pornography in Norfolk County (Massachusetts) Case 1682-CR-00245 activate the escalated mandatory minimum penalty.

Ver. 17-09

18 U.S.C. 2259A(a)(3), and a $5,000.00 assessment for the Justice for Victims of Trafficking Act (JVTA). The defendant further agrees to forfeit property to the United States as well as the entry of a restitution order, as outlined below.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

> The defendant Frederick L. Martin was previously convicted of multiple counts of Rape of a Child and Possession of Child Pornography in Massachusetts in 2016. After a short stint in prison, his parole was transferred to Kansas, where he was supervised by Kansas Parole Officer Cassandra Vogel.
>
> While on parole in Kansas, the defendant Frederick L. Martin began an online relationship with a minor female (16 year old Minor Victim 1) who resided in California. Between August 19, 2020 and October 15, 2020, the defendant used his Apple iPhone (model A1662, IMEI: 358633071336859) to communicate with Minor Victim 1 via Snapchat and iMessaging. In these communications, he persuaded and induced Minor Victim 1 to record herself engaged in the lascivious exhibition of the genitals. In these depictions, the focus is plainly on the minor's genitals, the child in an unusual state of undress for her age, and the images are designed to suggest willingness to engage in sexual activity and to elicit a sexual response in the viewer. On the latter point, as part of these communications, Martin would send the minor photos of himself engaged in masturbation. The depictions of the Minor Victim 1 were transmitted in interstate commerce, from California to Kansas.
>
> In the early morning hours of October 15, 2020, Martin left his parent's home (where he was residing on parole), cut his GPS device, and later attempted to flee from police, resulting in his arrest. Martin's mother, Evelyn, contacted parole officer Cassandra Vogel, and disclosed Martin had been communicating with a minor female. Evelyn later provided Martin's phone to Vogel, who examined it in accordance with terms of parole supervision. The phone revealed the communications with Minor Victim 1, including the depictions described above.
>
> While in jail, Martin called Vogel and admitted he had been communicating with a 16yo girl (Minor Victim 1) in California, and that he intended to go there after he left his parent's home. He admitted his conversations were sexual in nature, that they traded nude photos of each other, and that he knew she was 16 years old because he had been so advised by her 15 year old sister.
>
> The defendant agrees and admits his conduct, described above, constitutes the crime of Production of Child Pornography, in violation of 18 U.S.C. § 2251(a).

3.  **Proposed Rule 11(c)(1)(C) Sentence.** The parties propose, as an appropriate disposition of the case:

(a)  300 months (25 years) in prison on Count 1, 18 U.S.C. § 2251(a);

(b)  ten (10) years of supervised release;

(c)  no fine;

(d)  the mandatory special assessment of $100.00;

(e)  the parties agree to argue their respective positions regarding the assessment in child pornography cases pursuant to 18 U.S.C. § 2259A(a)(3), but agree to be bound by the Court's determination within the statutory range (as low as $0.00 and not more than $50,000.00); and

(f)  the parties agree that the defendant is indigent for purposes of the JVTA assessment.

The parties seek this binding plea agreement as an appropriate disposition of the case, because if the Court permits itself to be bound by the proposed sentence, it brings certainty to the sentencing process; it assures that the defendant and the government will benefit from the bargain they have struck; it serves the interests of justice; and it assures a sentence consistent with the sentencing factors of 18 U.S.C. § 3553(a). If the Court does not agree with the sentence, the defendant and United States may be restored to the positions they maintained prior to reaching this plea Agreement. This plea agreement centers on the defendant's agreement to enter his guilty plea as soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, defense, United States Probation Office, United States Marshals' Service and other law enforcement resources.

4.  **Application of the Sentencing Guidelines.** The parties are of the belief that the proposed sentence does not offend the advisory sentencing guidelines. Because this proposed

sentence is sought pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence.

5. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States agrees to dismiss the remaining counts of the Indictment at the time of sentencing, and agrees to not file any additional charges against the defendant arising out of the facts forming the basis for the present Indictment. Specifically, the United States will dismiss Count 2 of the Indictment, relating to 18 U.S.C. § 2260A.

6. **Consequences for Violating the Plea Agreement.** The United States' obligations under this plea agreement are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this plea agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this plea agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this plea agreement's terms, this plea agreement will be deemed null and void, and the United States may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this plea agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads

from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this plea agreement.

7. **Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.** The Court has no obligation to accept the proposed plea agreement and sentence. It is solely within the Court's discretion whether to accept the proposed binding plea agreement as an appropriate disposition of the case.

8. **Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.** If the Court agrees to be bound by the proposed plea agreement and sentence, the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw his guilty plea. If the Court announces that it will NOT be bound by the proposed plea agreement, the parties agree that at that time either party may withdraw the proposed plea agreement, and if either does so, then all parties will be restored to the positions they were in prior to the entry of the defendant's plea. If neither party elects to withdraw the proposed plea agreement at the time the Court announces that it will not be bound, and before the Court proceeds with sentencing, then the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw his guilty plea.

9. **Forfeiture of Assets.** The defendant agrees to the forfeiture of the following property to the United States: a silver & black Apple iPhone, model A1662, IMEI: 358633071336859. The defendant agrees that this property was used or intended to be used to commit or to promote the commission of Count 1. The defendant knowingly and voluntarily waives his right to a jury trial regarding the forfeiture of property, and voluntarily waives all

constitutional, legal and equitable defenses to the imposition of a forfeiture judgment. The defendant acknowledges and agrees that the forfeiture of this property shall not be deemed an alteration of his sentence or this agreement, and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Additionally, the defendant agrees to the immediate entry of the Preliminary Order of Forfeiture, and agrees to sign any and all documents necessary to effectuate the forfeiture and transfer of his interest and possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

10. **Identification of Assets and Agreement Concerning Monetary Penalties (Restitution, Fines, Assessments) and Forfeiture.** The defendant agrees to cooperate fully with the United States Attorney's Office and specifically agrees as follows:

(a) Defendant agrees to execute a financial statement provided by the United States Attorney's Office and to update the statement with any material changes within 30 days of any such change. Defendant further agrees to provide all supporting documentation, including, but not limited, to copies of federal tax returns. The defendant agrees to disclose all assets in which defendant has any interest or which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, as well as any transfer of assets that has taken place within six years preceding the entry of the judgment in this criminal case. Additionally, the defendant agrees to periodically execute an updated financial statement at the request of the United States Attorney's Office until such time the judgment debt is paid in full.

(b) Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. Defendant agrees the United States Attorney's Office may subpoena any records it deems relevant to conduct a full financial investigation. Defendant agrees to discuss or answer any questions by the United States relating to its financial investigation.

(c) Defendant agrees to submit to an examination prior to and/or after sentencing, which may be taken under oath, and/or may include a polygraph examination.

(d) Defendant agrees that any waivers, consents, or releases executed for the United States Probation Office for purposes of preparation of the Presentence Report may

6

    be provided to the United States Attorney's Office. All information defendant provided to the United States Probation Office or independently obtained by the United States Probation Office may be provided to the United States Attorney's Office.

(e)  Defendant agrees not to encumber, transfer, or dispose of any monies, property, or assets under defendant's custody or control, without written approval from the United States Attorney's Office.

(f)  Defendant agrees that whatever monetary penalties the Court imposes (including any fine, restitution, assessment, or forfeiture judgment), will be due and payable immediately and subject to immediate enforcement by the United States. Should the Court impose a schedule of payments, he agrees that the schedule of payments is a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If defendant is incarcerated, defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

(g)  Defendant waives any requirement for demand of payment on any restitution, fine, assessment, or forfeiture judgment entered by this Court.

(h)  Defendant agrees to notify the United States Attorney's Office within 30 days of any change of address or other contact information until the judgment debt is paid in full.

(i)  Defendant agrees the terms of this agreement shall be incorporated into the Judgment in a Criminal Case.

(j)  Defendant waives the administrative requirements of the Treasury Offset Program, including the requirement of default, and agrees to be immediately included in the Treasury Offset Program allowing federal benefits and payments to be offset and applied to the balance of criminal monetary penalties.

(k)  Defendant agrees that noncompliance with any of the terms set forth in this paragraph will result in a continuance of the sentencing hearing.

  11.  **Restitution.** The defendant acknowledges that his conduct involved the Production of child pornography, for which restitution is authorized and mandated pursuant to 18 U.S.C. § 2259. At this time, no restitution has been requested by the minor or her representatives. The defendant understands and agrees that, if the victim or her representatives submit a request for

restitution, he will pay for the full amount of the victim's losses, as contemplated in 18 U.S.C. § 2259(c)(2), as determined by the Court.

12. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against him at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

13. **Payment of Assessments in Child Pornography Cases.** The defendant understands that, in addition to any other criminal penalty, restitution, or special assessment authorized by law, the Court may impose an additional assessment of not more than $50,000.00 for the defendant's conviction under Count 1. The defendant also understands that the imposition of an assessment under this section does not relieve him of (nor entitle him to reduce the amount of) any other penalty by the amount of the assessment. As noted above, the parties agree they will argue their respective positions regarding the assessment in child pornography cases pursuant to 18 U.S.C. § 2259A(a)(3), but agree to be bound by the Court's determination within the statutory range.

14. **Payment of JVTA Assessment.** The defendant understands that an assessment pursuant to the Justice for Victims of Trafficking Act (JVTA) of $5,000.00 shall be imposed for Count 1, unless the Court determines the defendant is indigent. The defendant has the burden of establishing indigency. The parties acknowledge that if the Court finds the defendant is without

resources to pay the JVTA assessment at the time of sentencing, the Court may allow payment during his period of incarceration. As noted above, the parties agree that the defendant is indigent.

15. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed in accordance with the sentence recommended by the parties under Rule 11(c)(1)(C). The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court imposes a sentence in excess of the sentence recommended by the parties under Rule 11(c)(1)(C). However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

16. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without

9

limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

17. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

18. **Megan's Law/Adam Walsh Act Notice.** The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. Likewise, the defendant must provide information required by the Sex Offender Registration and Notification Act relating to intended

travel in foreign commerce, and must do so prior to engaging in, or attempting to engage in, such international travel in foreign commerce. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

19. **Parties to the Agreement.**  The defendant understands this plea agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

20. **No Other Agreements.**  The defendant has had sufficient time to discuss this case, the evidence, and this plea agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided.  Further, the defendant acknowledges that he has read the plea agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion.  The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this plea agreement embodies each and every term of the agreement between the parties.

21. The defendant acknowledges that he is entering into this plea agreement and is pleading guilty because he is guilty.  He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

_____  Date: 5/21/2021
JASON W. HART
Assistant United States Attorney

_____  Date: 5/20/21
LANNY D. WELCH
Supervisor

_____  Date: May 20, 2021
CARRIE CAPWELL
Digitally signed by DUSTON SLINKARD
Date: 2021.05.20 15:27:29 -05'00'

11

Criminal Chief

_____  Date: May 21, 2021
FREDERICK L. MARTIN
Defendant

_____  Date: 21 May 2021
DAVID J. FREUND
Assistant Federal Public Defender
Counsel for Defendant