IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>vs.<br><br>FREDERICK LOUIS MARTIN,<br><br>*Defendant.* | Case No. 20-10079-EFM |

**MEMORANDUM AND ORDER**

This matter comes before the Court on pro se Defendant Frederick Louis Martin's Motion for Sentence Reduction (Doc. 40). He seeks a reduction in sentence stating that courts no longer use criminal history points. The government opposes Defendant's motion. For the reasons stated below, the Court dismisses Defendant's motion.

On May 21, 2021, Defendant pleaded guilty to production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e). On September 2, 2021, Defendant was sentenced to 300 months' imprisonment. Defendant's projected release date is March 28, 2042.

On December 5, 2025, Defendant filed the instant Motion. He states that "courts have done away with criminal history points" and thus his 23 criminal history points should be taken off his record. He requests that his sentence be reduced to time served. The government opposes his Motion contending that Defendant is mistaken that the Sentencing Commission has eliminated

criminal history points. Thus, the government asserts that the Court is without jurisdiction to hear Defendant's Motion.

"[I]t is well-settled that '[a] district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'"[1] Pursuant to 18 U.S.C. § 3582(c)(2), a defendant may file his own motion for a sentence reduction provided certain factors are met.[2] Specifically, § 3582(c)(2) allows a court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."

Here, the Sentencing Commission has not eliminated the use of criminal history points.[3] Thus, there is no basis for Defendant's motion. Accordingly, the Court dismisses it.[4]

**IT IS THEREFORE ORDERED** that Defendant's Motion for Sentence Reduction (Doc. 40) is **DISMISSED FOR LACK OF JURISDICTION**.

**IT IS SO ORDERED**.

Dated this 29th day of January, 2026.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[1] *United States v. White*, 765 F.3d 1240, 1244 (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)).

[2] 18 U.S.C. § 3582(c)(2).

[3] Defendant may be confused as the Sentencing Commission limited the criminal history impact of "status points." *See* https://www.ussc.gov/guidelines/amendment/821 (last visited January 27, 2026). The Sentencing Commission, however, did not eliminate the use of criminal history points.

[4] *See White*, 765 F.3d at 1250 (noting that "dismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [the defendant's] § 3582(c)(2) motion" when there is no statutory authorization under § 3582(c)(2) for the relief sought).