**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff,*<br><br>v.<br><br>FREDERICK LOUIS MARTIN,<br>*Defendant.* | Case No. 20-CR-10079-EFM |

**MEMORANDUM AND ORDER**

This matter comes before the Court on pro se Defendant Frederick Louis Martin's Motion for Reduction of Sentence (Doc. 48). He contends that he is entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. For the reasons stated in more detail below, the Court dismisses Defendant's motion.

## I. Factual and Procedural Background

On May 21, 2021, Defendant entered a guilty plea under Fed. R. Civ. P. 11(c)(1)(C) to Count One of the Indictment, production of child pornography in violation of 18 U.S.C. § 2251(a). Under the plea agreement, the parties proposed a sentence within the range of 300 to 600 months. A Presentence Investigation Report ("PSR") was subsequently prepared. According to the PSR, Defendant's conviction resulted in a subtotal criminal history score of 6. Two additional status points were applied to the criminal history score pursuant to U.S.S.G. § 4A1.1(d) because

Defendant committed the offense while under a criminal justice sentence.[1] Thus, Defendant's criminal history score is 8, establishing a criminal history category of IV. However, because Defendant was deemed a repeat and dangerous sex offender against minors, his criminal history category was elevated to V pursuant to U.S.S.G. § 4B1.5(a)(2). On September 2, 2021, the Court sentenced Defendant to 300 months' imprisonment.

On June 22, 2026, Defendant filed this motion seeking a retroactive application of Part A of Amendment 821 to his sentence. The government opposes Defendant's motion.

## II. Analysis

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant may file his own motion for a sentence reduction provided certain factors are met.[2] Specifically, § 3582(c)(2) allows a court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)" and after considering § 3553(a) factors so long as the reduction "is consistent with applicable policy statements."[3]

Effective November 1, 2023, the Sentencing Commission amended the United States Sentencing Guidelines as reflected in Amendment 821.[4] Part A of Amendment 821 limits the impact of criminal history points, or "status points," and subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point

[1] *See* U.S.S.G. § 4A1.1(d) (U.S. Sent'g Comm'n 2018) (stating that a defendant will receive an additional two points if the defendant "committed the instant offense while under any criminal justice sentence").

[2] 18 U.S.C. § 3582(c)(2).

[3] *Id*.

[4] *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023).

Offenders."[5] Relevant to this case, Part A of Amendment 821 limits the impact of "status points" if the instant offense was committed while under a criminal justice sentence.[6]

Defendant argues that his sentence should be reduced because he is eligible for a two-point reduction under Part A of Amendment 821 of the revised sentencing guidelines. He argues that the two-point reduction in status points changes his criminal history category from V to IV thereby reducing his sentence. Amendment 821, however, has no impact on Defendant's criminal history category. Because Defendant is a "repeat and dangerous sex offender against minors," his criminal history category remains V by application of the enhancement in U.S.S.G. § 4B1.5.

Additionally, Defendant's sentence cannot be reduced because he was sentenced to the mandatory minimum sentence of 300 months in accordance with 18 U.S.C. § 2251(a) and 2251(e).[7] Under U.S.S.G. § 1B1.10 app. note 1(A), a reduction in the defendant's term of imprisonment is not triggered under 18 U.S.C. § 3582(c)(2) where the amendment "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." Accordingly, Amendment 821 does not afford Defendant the requested relief. The Court dismisses Defendant's motion.[8]

---

[5] *See* https://www.ussc.gov/guidelines/amendment/821 (last visited Aug. 17, 2026); *see also* U.S.S.G. § 4A1.1; § 4C1.1.

[6] U.S.S.G. § 4A1.1.

[7] *See* 18 U.S.C. § 2251(a) (prohibiting the creation of a visual depiction of a minor engaging in sexually explicit conduct); § 2251(e) (setting a mandatory minimum penalty of 300 months for an individual with a prior conviction under § 2251).

[8] *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) (stating that a district court should dismiss for lack of jurisdiction if a defendant is ineligible for a sentence reduction under § 3582(c)(2)).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence (Doc. 48) is **DISMISSED**.

**IT IS SO ORDERED**.

Dated this 24th day of August, 2026.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE